[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
INJUNCTION AND ORDER OF REMEDIATION
It is hereby ORDERED, ADJUDGED, AND DECREED as follows:
PERMANENT, PROHIBITORY INJUNCTION
 1. Defendants Lois Jimmo and Joseph Jimmo are and shall be permanently restrained from continuing to violate the Durham Inland Wetlands and Watercourses Regulations and the duly promulgated cease and desist orders of the Durham Inland Wetlands and Watercourses Agency; CT Page 7833
 2. Defendants Lois Jimmo and Joseph Jimmo are and shall be permanently restrained from any further filling of wetlands at 452 Stagecoach Road, Durham, Connecticut (hereinafter sometimes referred to as the "premises");
 3. Defendants Lois Jimmo and Joseph Jimmo are and shall be permanently restrained from maintaining or causing any condition at the premises which would lead to further siltation of the pond at 449 Stagecoach Road, Durham, Connecticut;
 4. Defendants Lois and Joseph Jimmo are and shall be permanently restrained from maintaining any condition at the premises which would lead to further siltation of any other wetland or watercourse;
 5. Defendants Lois Jimmo and Joseph Jimmo are and shall be permanently restrained from conducting, without a permit or other prior approval, any further activities that require a permit or other prior approval pursuant to the Durham Inland Wetlands and Watercourse Regulations or the laws of the State of Connecticut;
 6. Defendants Lois Jimoo and Joseph Jimmo are and shall be permanently restrained from interfering with any of the remediation measures to be implemented pursuant to this Order, as described below.
MANDATORY INJUNCTION/ORDER OF REMEDIATION
In order to restore to original conditions (including grades, contours, and vegetation) the wetlands at 452 Stagecoach Road, Durham, Connecticut, the Court orders as follows:
 1. Remediation of the premises shall be accomplished through the implementation of the work detailed in the map entitled "Stagecoach Road, Durham, Conn., Property of: Lois M. Jimmo, Lot #10, Jackie Maher Estates Wetland Remediation Plan," scale 1" = 40', dated July 21, 1993, prepared by Bascom/Magnotta, Inc., Surveying and Engineering Consultants, (the "Remediation Plan") which is attached and incorporated into this Order;
 2. The work called for by the Remediation Plan shall be performed on the premises owned by Defendant Lois Jimmo, by CT Page 7834 persons selected by the Durham Inland Wetlands and Watercourses Agency, which persons shall be properly bonded and insured, and who shall act under the direction of Attorney Patricia J. Gillin (Gould and Gillin, 222 Old Boston Post Road, Old Saybrook, Connecticut), duly appointed as the Committee of the Court. The Agency is authorized to use machinery and manpower of the Town of Durham in order to implement the Remediation Plan;
 3. Attorney Gillin's fees shall be paid by the Town of Durham and/or the Durham Inland Wetlands and Watercourses Agency. The Court retains continuing jurisdiction to supplement the award on behalf of the Agency to include future, reasonable compensation for Attorney Patricia Gillin or such other person that the Court may be required to designate in order to supervise the restoration of the wetlands. The Court retains continuing jurisdiction to supplement the award on behalf of the Agency to include the reasonable costs of the persons or companies employed by the Agency and Attorney Gillin to accomplish the restoration on the defendant Lois Jimmo's property;
 4. The Agency; Michael Caltabiano; the Committee; and their agents, employees, and contractor or contractors, are authorized to enter the Jimmo premises, without prior notice, for all necessary purposes to perform and inspect the work required by the Remediation Plan and for the purposes of monitoring and implementing the remediation terms of this Order;
 5. The Agency shall employ a Connecticut licensed, professional engineer to implement and oversee the action required by the Remediation Plan. The Agency is authorized to use a Town employee or employees to satisfy this requirement;
 6. The work required pursuant to the Remediation Plan shall be commenced on or before August 21, 1995, and shall be completed on or before October 15, 1995;
 7. On or before December 4, 1995, and after completion of the work required by the Remediation Plan, the Agency shall cause to be completed an as-built plan of the premises. This plan shall be prepared, signed, and sealed by a Connecticut licensed surveyor and a Connecticut licensed, professional engineer. The as-built plan shall use a scale of 1" = 40' and CT Page 7835 contour interval of two feet. The as-built plan shall include grades at the site, all structures, culverts, and property boundaries.
CIVIL PENALTIES
A civil penalty shall continue to accrue at $100 per day until the remediation is completed. Failure to comply with this Order may subject the Defendants to additional civil penalties and such other relief as the Court deems appropriate.
MISCELLANEOUS
 1. The Agency, acting as the agent for Defendant Lois Jimmo, is authorized to apply for all necessary governmental approvals in order to implement the Remediation Plan, including an approved work schedule and all necessary sedimentation and erosion controls, from any governmental agency having jurisdiction over the work to be performed, including but not limited to, the Durham Inland Wetlands and Watercourses Agency and the United States Army Corp of Engineers;
 2. If necessary, the dates set forth herein shall be extended by the amount of time it takes for the work to be performed. That amount of time shall be agreed to by stipulation of the parties which will be filed with this Contract and made a part of this Order. Alternatively, if the Agency, its agents, employees, contractor, or contractors, is or are unable to meet any deadline established herein for reasons beyond its or their control and despite its good faith efforts, it or they may move the Court to, and the Court may, modify the deadlines by such amount of time as the Court deems reasonable;
 3. Until remediation work has been completed, Defendants shall notify the Agency, in writing, no later than fifteen (15) days after obtaining a new mailing or residence address or after transferring all or any portion of the premises which is the subject of this Order. Defendants' obligations pursuant to this Order shall not be affected by the transfer of title of the premises or any part thereof to any person or entity. Any future owner of the premise may be subject to the issuance of an order by this Court;
CT Page 7836
 4. Defendants shall not be considered to be in full compliance with this Order until all actions required by this Order have been completed to the satisfaction of the Agency and the Committee;
 5. Nothing in this Order shall be construed as prohibiting the Agency from taking any enforcement actions against any violations at the premises not specifically covered by this Order;
 6. Nothing in this Order shall relieve the Defendants from their obligations under applicable local, state, or federal law;
 7. Refusal of the Defendants to allow remediation, or actions taken by them to obstruct, delay or impede remediation, shall be an act of contempt, subjecting the Defendants to all fines, penalties, and sanctions available to the Court;
 8. This Order, and the judgment of which it is a part, shall be recorded on the land records of the Town of Durham. This filing shall not prejudice the Plaintiffs' rights to file a Judgment Lien as well.
THE COURT
HIGGINS, J.